COUNCIL TOOL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9443.   Promulgated October 29, 1927.

Alleged value of good will acquired in exchange for the stock of the petitioner is not established by the evidence.

*P. D. Hutchison, C. P. A.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

The respondent has determined deficiencies in income and profits taxes for the years 1920 and 1921, against the Council Tool Co., in the respective amounts of $621.23 and $1,243.05, and overassessments for the years 1919 and 1922, in the respective amounts of $2,061.04 and $406.82. The overassessments for the years 1919 and 1922 are not in controversy. The only error alleged by the petitioner is the exclusion from invested capital of the amount of $25,000, alleged to be the statutory limitation at which good will claimed to have been acquired in 1905 for stock, may be included in invested capital.

### FINDINGS OF FACT.

The petitioner was incorporated in 1905, under the laws of the State of Florida, with its principal office at Wananish, N. C.

For some 20 years prior to 1905, one J. P. Council had been conducting an individual business in the manufacture of tools for gathering turpentine from pine trees. His manufacturing plant was at Wananish, N. C. This individual business had had its good periods and its bad periods, but at its best had never been able to operate throughout the year. The turpentine industry is peculiar to the southeastern section of the United States. There is a limited business in the manufacture of tools for gathering turpentine. This industry was financed at that time by what are known as factors. When Council started in the business, he depended upon one factor to distribute his products. As the business of manufacturing turpentine tools expanded, other factors came in and later they established another tool-manufacturing plant in the State of Florida. There was not enough business to keep the two plants in operation. Owing to the influence of these competing factors in the trade, it became necessary that they and Council associate their interests in order to operate profitably. The incorporation of the petitioner herein in 1905 was the outgrowth of this situation.

A few days prior to, and, as a step in the incorporation of the petitioner, the competitors in business of Council acquired a two-thirds interest in his business, paying him therefor the sum of $30,000 in cash. The basis of this transaction was that the tangible assets

of the Council plant at Wananish, N. C., were tentatively ascribed a value of $30,000, subject however to an accurate inventory or appraisement thereof. If the final appraisement of said tangible assets disclosed a value in excess of $30,000, Council was to receive the difference. The tangible assets of the Council plant were finally appraised at $38,314.06 and Council was paid the difference by a promissory note of the petitioner corporation for $8,314.06.

The minutes of a special meeting of the board of directors of the petitioner, held on May 12, 1905, recite that the turpentine tool plant, real estate (including buildings and 40 acres of land), all the stocks, tools and materials on hand, good will, and other assets of the business of Council, located at Wananish, N. C., are appraised by the directors of said corporation at a value of $100,000. They also contain a resolution of the same date that this corporation shall purchase the said business, all its assets and good will, and pay for the same $100,000 par value of its capital stock to be issued to J. P. Council and his associates. This resolution was carried into effect simultaneously with the special meeting of May 12, 1905, or shortly thereafter. Council personally received 333 shares of the petitioner's capital stock, having a par value of $33,300, and his associates received the balance thereof in varying proportions. The outstanding capital stock of the petitioner at date of incorporation, and on March 3, 1917, was $100,000 par value.

The first debit entries appearing on the original journal of the petitioner under date of February 13, 1905, are: merchandise, $18,-468.61; machinery and equipment, $9,687.95; real estate and buildings, $10,157.50; and bonus, $61,685.94; total, $100,000. The corresponding credit entry in said journal is, capital stock, $100,000. The journal debit entry of bonus, $61,685.94, was carried forward to the original ledger of the petitioner by an entry dated February 13, 1905, and has never been closed out of the petitioner's books. Shortly after incorporation the double-entry system of accounts was dropped by the petitioner and a single-entry system used until 1918, when the double-entry system was again installed. Under the single-entry system, only the physical assets in sight about the plant were carried forward on the books. On January 5, 1922, the item of bonus, $61,-685.94, was written up on the current books as of December 31, 1921. There did not appear in the balance sheets of the petitioner for the taxable year 1920, and prior years, an asset item in the amount of $61,685.94 of any description, whether as bonus or good will.

The Council plant at Wananish, N. C., was sufficient in size to meet its own manufacturing requirements and those of the competing plant in Florida. The Florida plant was abandoned in 1905, after the incorporation of the petitioner. The plant at Wananish was thereafter operated 12 months a year, and the cost of goods manu-

factured was considerably reduced. The minute books of the petitioner show dividends declared and paid from date of incorporation in 1905 to December 31, 1918, in the total amount of $200,000. The total earnings of the petitioner over the same period, according to its balance sheets, were $309,020.66.

### OPINION.

LANSDON: The only issue in this proceeding is whether at the date of its incorporation, the petitioner, in exchange for its stock, acquired good will which it is entitled to include in invested capital during the taxable years, subject to the statutory limitation provided in section 326(a)(4) of the Revenue Acts of 1918 and 1921. If such an asset was acquired at the date of incorporation, it must have been an asset of the individual business of Council, having a separate and demonstrable actual cash value. Insufficient evidence was introduced as to the fact, or the extent of profits of the individual business conducted by Council for years prior to 1905. The record does show, however, that from the date of its incorporation the petitioner was highly successful. It is the theory of the petitioner that a substantial part of the large profits earned subsequent to incorporation should be ascribed to the earning power of good will purchased from the predecessor business. We are unable to agree with this contention on the showing made. It is much more reasonable, on the evidence in this case, to assume that the profits of the petitioner resulted from the elimination of competition in the business of manufacturing and selling turpentine tools and from the combined influence and efforts of Council and his new associates who included all the parties theretofore engaged in the production and marketing of tools used in the production of turpentine.

Reviewed by the Board.

*Judgment will be entered for the respondent.*